EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LUIS ALBERTO CONTRERAS LÓPEZ, acusado y apelante.

*Número:* CR-76-27    *Resuelto:* 30 de noviembre de 1976

*Benigno Alicea Alicea,* abogado del apelante; *Roberto Armstrong, Jr., Procurador General Interino,* y *Rose Marie Corchado Lorenst,* abogados de El Pueblo.

PER CURIAM: ▮ En *Plard Fagundo* v. *Tribunal Superior,* 101 D.P.R. 444 (1973), establecimos como norma que luego de celebrado un juicio sin que el jurado se pueda poner de acuerdo, procede la celebración de un segundo juicio, pero si en el segundo tampoco el jurado puede ponerse de acuerdo, no procede la celebración de un tercer juicio. Pretende ahora el apelante que vayamos más lejos y determinemos que si un jurado no se puede poner de acuerdo en el primer juicio, no procede la celebración de un segundo juicio. El trasfondo histórico-constitucional de la cláusula que prohíbe la doble exposición de un acusado milita contra tal pretensión. En *Plard Fagundo* expresamos que si al disolverse el jurado que

intervino en el primer juicio el juez actuó "con la mayor cautela, por consideraciones obvias de peso y ante una necesidad manifiesta de así hacerlo", procede la celebración de un segundo juicio. En la moción radicada por el acusado ante el Tribunal Superior, no se ataca en forma alguna la actuación del magistrado que intervino en el primer juicio cuando disolvió el jurado. Ver: *United States* v. *Gordy,* 526 F.2d 631 (5th Cir. 1976) ; *Carey* v. *State,* 353 A.2d 650 (Md. 1976) ; *Commonwealth of Pa. Ex Rel. Walton* v. *Aytch,* 352 A.2d 4 (Penn. 1976). Estuvo por tanto correcto el juez de instancia al declararla sin lugar de plano.

*Se confirmará la sentencia apelada.*